UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA G., <br>     *Plaintiff*, <br><br> v. <br><br> MARTIN O'MALLEY,[1] <br>     *Defendant*. | )    CASE NO. 3:18-cv-261 (KAD) <br> ) <br> ) <br> ) <br> ) <br> )    MAY 16, 2024 <br> ) |

<u>**MEMORANDUM OF DECISION**</u>
**RE: PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES (ECF NO. 33)**

Kari A. Dooley, United States District Judge:

Melissa A. Buckley ("Movant"), attorney for Plaintiff Andrea G., filed a motion seeking an award of attorney's fees in the amount of $44,483.00 pursuant to 42 U.S.C. § 406(b)(1). After this Court remanded Plaintiff's case for further proceedings, the Administrative Law Judge ("ALJ") issued a fully favorable decision on January 27, 2023, finding Plaintiff disabled as of the amended alleged onset date of March 15, 2011. Plaintiff thereafter received a Notice of Award from the Social Security Administration (the "SSA") on April 18, 2024, informing her that it had withheld $44,483.00 from her total award, constituting 25% of past due benefits owed to Plaintiff, for the purpose of paying her attorney's fees. Movant seeks recovery of the amount withheld. Commissioner O'Malley has filed a response in which he neither supports nor opposes counsel's request for attorney's fees in the amount of $44,483.00. For the reasons that follow, Movant's motion is GRANTED. (ECF No. 33)

**Standard of Review**

---

[1] Martin O'Malley came the Commissioner of Social Security on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Commissioner O'Malley is automatically substituted as the named Defendant. The Clerk of the Court is requested to amend the caption in this case accordingly.

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commission of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Once "the claimant receives notice of the amount of any benefits award," a fee application brought pursuant to § 406(b) must be submitted within the 14-day filing period set forth in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).

"In order to obtain attorney's fees under Section 406(b), three elements must be satisfied: (1) there must be a judgment that is favorable to the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits [a]warded to the claimant." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 676 (S.D.N.Y. 2010). "A court may reduce the amount awarded under Section 406(b) only if it finds it to be unreasonable." *Id.* (citing *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 371 (2d Cir. 1990)). "Courts consider several factors in determining the reasonableness of a fee under § 406(b), including '1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fees; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall" factor.'" *Zoeller v. Saul*, No. 3:18-cv-19 (WIG), 2020 WL 4505510, at *2 (D. Conn. Aug. 5, 2020) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 465 (W.D.N.Y. 2005)) (internal quotation marks omitted). "[T]he best indicator of

2

'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Shrack v. Saul*, No. 3:16-cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (quoting *Wells II*, 907 F.2d at 371).

**Discussion**

The parties do not dispute that Movant's fee application was timely filed and the Court finds the relevant statutory factors satisfied here. First, Plaintiff received a fully favorable decision following remand. *See Davis v. Saul*, No. 3:16-cv-954 (MJP), 2020 WL 1503223, at *1 (W.D.N.Y. Mar. 30, 2020) ("Courts have interpreted [Section 406(b)(1)(A)'s] reference to a 'judgment' rendered by 'a court' to include awards made by the Commissioner upon remand from a district court."); *see also Sinkler*, 932 F.3d at 86 ("Where, as here, a district court judgment reverses a denial of benefits to a claimant and remands for further agency consideration of benefits, . . . the district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application."). Further, the fee does not exceed 25% of the total past-due benefits to which the Plaintiff is entitled.

As for the reasonableness of the requested award, Movant represents that Plaintiff and Movant agreed that the fees charged by Movant would not exceed twenty-five percent of all past-due benefits. In addition, Movant understands her obligation to pay over to Plaintiff the $7,900.00 previously received in Equal Access to Justice Act fees upon receipt of the attorney's fees sought here. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002). Movant further represents that she waives any claim for any auxiliary benefits that may be due and payable to Plaintiff's minor child. The Court therefore finds that the requested amount is consistent with the contingency fee agreement between Plaintiff and counsel.

Because the Court has determined that the requested award is consistent with the applicable retainer agreement and "with the 'character of the representation and the results the representation achieved,'" the Court concludes that the award is reasonable. *See, e.g.*, *Shrack*, 2020 WL 373074, at *2 (finding that this factor was met where "[t]he plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand."); *Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *3 (D. Conn. June 25, 2014) (holding that this factor was met where "[t]he results secured by Attorney Rubenstein, a remand and a subsequent award of benefits . . . were the best possible outcome for the plaintiff"). Nor does the record reveal that Movant engaged in any undue delay to increase the accumulation of benefits.

Nor would the requested award constitute a windfall to Movant. Movant asserts that she spent 46.75 hours representing Plaintiff before this Court, which equates to a rate of $951.50 per hour. Courts in this District approve awards that reflect comparable or sometimes even higher hourly rates. *See, e.g.*, *Jacqueline S. v. O'Malley*, No. 3:18-cv-1977 (RAR), 2023 WL 8827777, at *1 (D. Conn. Dec. 21, 2023) (hourly rate of $934.47 reasonable); *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) ("Binder estimates that the requested fee award would result in a *de facto* hourly rate of approximately $1,289.06. While on the higher side, courts within this Circuit have held that similar *de facto* hourly rates are not a windfall to Plaintiff's counsel").

**Conclusion**

For the reasons set forth above, Movant's motion for attorney's fees is granted and Movant is awarded $44,483.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). Movant is required however to pay over to Plaintiff any EAJA fees previously awarded.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of May 2024.

                                              */s/ Kari A. Dooley*
                                            KARI A. DOOLEY
                                            UNITED STATES DISTRICT JUDGE